IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-60538-CIV COOKE/BROWN

REBECCA A. TAYLOR,

    *Plaintiff,*

v.

SCOTT A. SALOMON and
KATHLEEN E. HOLMES,

    *Defendants.*

_____/

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

**THE COMPLAINT** in this action purports to establish federal question jurisdiction under 18 U.S.C. § 1331, calling out the United States Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et. seq*, as the sole basis for this federal claim. The allegations in the complaint, which are predominantly about the Defendant's unethical practice of law, even if construed in a light most favorable to the Plaintiff, fail to establish a RICO claim. Therefore, the Court must dismiss this case for lack of subject matter jurisdiction.

### I.    Background

The Plaintiff's allegations can be summarized into five points of contention:

(1)    The Defendants engaged in several unethical practices in dealing with their clients.

(2)    Defendant Salomon concealed his criminal conviction from the Plaintiff in inducing her to remain employed at his firm. As a result of her employment, the Plaintiff had to spend time at work that she could have otherwise spent with her son.

(3)     Defendant Salomon misrepresented to the Plaintiff that one of the firm's clients wanted his case dismissed, and thereby induced the Plaintiff to improperly file a voluntary dismissal in the case.

(4)     Defendant Salomon issued the Plaintiff a non-working company credit card to expense work-related items.  Because the card didn't work, the Plaintiff, on one work-related trip, incurred out-of-pocket expenses that the Defendant promised to reimburse, but never did.

## II.     The Legal Backdrop

### A.     *Subject Matter Jurisdiction as a Prerequisite for the Federal Forum*

A federal district court is obliged to carefully examine its jurisdiction over a case, and where proper, dismiss the case *sua sponte* for lack of subject-matter jurisdiction. *Wachovia Bank, N.A. v.. Schmidt,* 126 S.Ct. 941, 950 (2006) ("subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection"); *see also Mansfield, C. & L.M. Ry. v. Swan,* 111 U.S. 379, 384 (1884) ("the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted").

### B.     *The RICO Act*

The RICO Act[1] imposes criminal and civil liability for, *inter alia*, specified federal offenses dubbed "racketeering activity."  To sustain its § 1962(c) RICO civil damages claim, the plaintiff must allege conduct of an enterprise through a pattern of racketeering activity that caused injury to business or property. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir 2000); *see also Avgiran v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).  The pattern of racketeering activity must include at least two related and continuous racketeering acts.  *See*

---

[1] Codified in 18 U.S.C. §§ 1962-68.

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

### III.   Analysis

In the case at bar, the Plaintiff fails to establish a RICO claim.  The issue turns on the fact that the Plaintiff has not alleged a cognizable injury resulting from a pattern of racketeering activity.[2]  The only cognizable injury the in the complaint is the Plaintiff's alleged one-time loss of out-of-pocket expenses incurred on a work-related trip.  This single injury stemming from an isolated event can hardly be attributed to a pattern of racketeering activity.  For this reason, the Plaintiff has no cause of action under the federal RICO statute, and thus cannot maintain her suit in federal court.  However, the Court notes that the Plaintiff does state certain grievances that may be proper for state court.  Accordingly, there Court hereby

**ORDERS and ADJUDGES** that this case is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.  All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, Miami, FL, this 16th day of April, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Magistrate Judge Stephen T. Brown*
*Counsel of Record*

---

[2] The Plaintiff's allegations sound more like petty office disputes than RICO violations.